**Mario Nelson HERRERA, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,[1] Respondent.**

**No. 08–3721–ag.**

United States Court of Appeals, Second Circuit.

July 24, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Douglas B. Payne, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Anthony P. Nicastro, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT A. KATZMANN, B.D. PARKER, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Mario Nelson Herrera, a native and citizen of Guatemala, seeks review of a July 3, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Mario Nelson Herrera,* No. A73 542 349 (B.I.A. Jul. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *see also Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

■ We remand as to Herrera's claim that his second attorney failed to timely inform him of the BIA's decision, preventing him from filing a timely petition for review in this Court. With respect to this argument, the BIA found that this claim was not cognizable under section 240(c)(7) of the Act, 8 U.S.C. § 1229a(c)(7), and 8 C.F.R. § 1003.2(c)(1) because the BIA only considers ineffective assistance of counsel claims if the conduct complained of occurred "before an adjudicative body within the Executive Office for Immigration Review," not thereafter. However, because there appears to have been a change in agency policy on this point since Herrera's petition was filed, remand is appropriate. *See NLRB v. Food Store Employees Union,* 417 U.S. 1, 10 n. 10, 94 S.Ct. 2074, 40 L.Ed.2d 612 (1974) (stating that "a court reviewing an agency decision following an intervening change of policy by the agency should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act").

On January 7, 2009, after Herrera had filed his opening brief, former Attorney General Michael B. Mukasey issued a decision stating that "the Board has jurisdiction to consider deficient performance claims even where they are predicated on lawyer conduct that occurred after a final order of removal has been entered." *In re Compean,* 24 I. & N. Dec. 710, 740 (A.G. 2009). He further held that the BIA has "discretion to reopen [proceedings] on the basis of a lawyer's deficient performance . . . not limited to conduct that occurred during the agency proceedings." *Id.* at 739. Replying on *Compean,* Herrera argued in his reply brief that the BIA erred in concluding that his claim was not cognizable. On June 3, 2009, Attorney General Eric H. Holder Jr. vacated the former Attorney General's decision, directing the

agency to "apply the pre-*Compean* standards to all pending and future motions to reopen based upon ineffective assistance of counsel, regardless of when such motions were filed." *In re Compean,* 25 I. & N. Dec. 1, 3 (A.G.2009). Nevertheless, like his predecessor, Attorney General Holder indicated in his decision that the BIA has jurisdiction to consider ineffective assistance of counsel claims that rely on lawyer conduct that occurred after a final order of removal has been entered. *Id.* at 3. Thus, notwithstanding the most recent *Compean* decision, there has still been a change in agency law.

While we have made clear that remand is not always required where the agency issues an intervening precedential decision material to a petitioner's case, remand is appropriate here because the Attorney General's decision constitutes a change, or "pivot," in agency law, rather than a "formal articulation" of the standard the BIA had been applying. *Cf. Xiu Fen Xia v. Mukasey,* 510 F.3d 162, 167–68 (2d Cir. 2007) (stating that "there is no need to remand where, [inter alia,] . . . the intervening decision supports and validates the reasoning of the decision under review; and . . . the intervening decision does not amount to a pivot in agency policy"). Accordingly, we remand for the BIA to consider Herrera's claim in light of *Compean.* *See Food Store Employees Union,* 417 U.S. at 10 n. 10, 94 S.Ct. 2074.

■ We also remand so that the BIA may consider Herrera's other ineffective assistance claim in the first instance. Although the record indicates that Herrera made other ineffective assistance claims that were separate from the claim related to timely notification of the BIA's decision—including a claim that his first attorney, Ortiz, failed to present evidence of his claims for asylum, withholding of removal,

and CAT relief before the IJ—the BIA's decision does not indicate that the BIA considered these ineffective assistance claims. Significantly, the BIA stated that Herrera's claim for ineffective assistance of counsel was based "sole[ly]" on his counsel failing to inform him of the BIA's denial of his appeal. While we do not require the BIA to parse and refute insignificant arguments, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006), entirely failing to consider some of Herrera's ineffective assistance of counsel claims was an abuse of discretion where the BIA's decision "provides no rational explanation" for the failure to consider these claims,[2] *see Kaur*, 413 F.3d at 233–34. While we express no opinion as to the merit of these claims, the BIA must consider them or provide a reasoned explanation for why it did not, and we cannot find that it has done so as of yet.

■ However, we deny Herrera's petition for review to the extent that he challenges the BIA's conclusion that he failed to demonstrate changed country conditions. The BIA did not err in finding that "evidence of criminality does not lead to a conclusion that circumstances have changed in Guatemala" where, for example, his aunt's affidavit that Herrera submitted stated that the people who killed her son "were people I don't even know," and he failed to include the "threat of death letters" his father referred to in his affidavit. Without a showing of changed circumstances material to his asylum and withholding of removal claims, the BIA did not abuse its discretion in denying Herrera's untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

2. The BIA did mention these claims in a footnote. However, the footnote, while not a model of clarity, is most easily read as reject-

■ Finally, Herrera's argument that the BIA erred in failing to consider "new material evidence" relevant to his cancellation of removal claim is without merit. Section 1003.2(c)(3)(ii) of Title 8 of the Code of Federal Regulations only applies to late filed motions to reopen seeking asylum and withholding of removal. Herrera was not entitled to submit additional evidence in support of his request for cancellation of removal.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. The BIA's decision is VACATED in part, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is GRANTED, pending the issuance of a new decision by the BIA.

ing the claims as a basis for tolling the 90–day time limit as to the ineffectiveness claim the BIA did consider.